# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

FOREST GUARDIANS, a non-profit
New Mexico corporation,

        Plaintiff,

v.                                        No. CIV 99-615 JP/KBM

UNITED STATES FOREST SERVICE,

        Defendant,

PRODUCTION CREDIT ASSOCIATION
OF NEW MEXICO,

        Intervenor-Defendants,

PUBLIC LANDS COUNCIL, NEW
MEXICO PUBLIC LANDS COUNCIL, and
NEW MEXICO CATTLE GROWERS'
ASSOCIATION, each a non-profit
organization and on behalf of their respective
members,

        Intervenors-Defendants,

AGAMERICA, et al

        Intervenors-Defendants
        and Cross-Claimants.

**FILED**
U.S. DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC 1 8 2002

_[signature]_
CLERK

## MEMORANDUM OPINION AND ORDER

On November 22, 2002, the Intervenors-Defendants Public Lands Council, New Mexico

Public Lands Council and New Mexico Cattle Growers' Association (collectively known as the

Intervenors-Defendants PLC) filed their Resubmission of Application for an Award of



Attorney's Fees and Costs by Intervenors-Defendants (Doc. No. 213). In a Memorandum Opinion and Order filed November 15, 2002, Senior Judge E. L. Mechem granted the application for attorneys' fees for these Intervenors-Defendants, but ruled that the attorneys' fees incurred by the Las Cruces firm of Hubert & Hernandez, P.A., which was the local counsel for the Intervenors-Defendants PLC, were not allowed as expenses. However, Judge Mechem did allow the Intervenors-Defendants PLC to re-submit the billings of Hubert & Hernandez, P.A., as additional attorneys' fees so they could be reviewed as required by law.

Hubert & Hernandez, P.A., has now submitted detailed billings for the work the law firm did on this Freedom of Information Act case. Intervenor-Defendants PLC also requested reimbursement for expenses incurred by Hubert & Hernandez, P.A., in the course of this lawsuit. The Defendant U.S. Forest Service takes no position on this re-submitted application and the remaining parties, including the other Intervenor-Defendants, have no objection to this re-submission.

## EQUAL ACCESS TO JUSTICE ACT

Intervenors-Defendants PLC brought their original application as well as their re-submission for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. §2412 (d)(2)(B). Judge Mechem already established that the Intervenors-Defendants PLC were prevailing parties, that the position of the United States in the underlying matter was not substantially justified, that Intervenors-Defendants PLC were parties within the definition of the Equal Access to Justice Act, and that Intervenor-Defendants PLC made the original application within thirty days of the final order. The only remaining issue in this re-submission is the reasonableness of the requested

fees and expenses.

As previously noted, the Equal Access to Justice Act caps attorneys' fees at $125 an hour unless a special factor justifies a higher fee. 28 U.S.C. §2412 (d)(2)(A). Judge Mechem did not find that a special factor justified a higher fee in this case and I see no reason to rule otherwise. Therefore all attorneys' fees in this re-submission will be capped at $125.

## REASONABLE ATTORNEYS' FEES AND EXPENSES

The first step in calculating a fee award is to determine the number of hours reasonably spent by counsel. *Ramos v. Lamm*, 713 F. 2d 546, 553 (10th Cir. 1983). The court must determine not just the actual hours expended by counsel, but which of those hours were reasonably expended in the litigation. *Id.* Counsel should make a good-faith effort to exclude those requested hours that are excessive or redundant. *Ellis v. University of Kansas Medical Center*, 163 F. 3d 1186,1202 (10th Cir. 1999). In determining what is a reasonable time in which to perform a given task or to prosecute the litigation as a whole, the court should consider: (1) whether the tasks being billed would normally be billed to a paying client, (2) the number of hours spent on each task, (3) the complexity of the case, (4) the number of reasonable strategies pursued, (5) the responses necessitated by the maneuvering of the other side, and (6) potential duplication of services by multiple lawyers. *Robinson v. City of Edmond*, 160 F. 3d 1275, 1281 (10th Cir. 1998).

Lee E. Peters, Esquire, is an attorney and partner in the Las Cruces law firm of Hubert & Hernandez, P.A., and did the majority of the work as local counsel. In his affidavit, Mr. Peters states that he eliminated .75 hours charged in December, 1999, and 1.15 hours charged in

3

January, 2000, as billings which presumably should not be billed to a paying client. As Judge Mechem noted previously, the case was complex and litigated tenaciously by USFS and Forest Guardians. Acting as local counsel, Mr. Peters was required to review all documents before signing and filing, alert and educate out of state counsel as to local rules and procedures, and be the New Mexico legal counsel at all times in this Court. The billings that the applicant has submitted appear reasonable for the complexity of the case and the role which Mr. Peters played in the litigation. Therefore, I find that 49.35 hours billed by the law firm of Hubert & Hernandez, P.A., were reasonably spent by counsel in representing Intervenors-Defendants PLC. The 49.35 hours reflect the total of 51.25 charged hours minus the two charges of .75 and 1.15 hours that Mr. Peters agreed should be eliminated.

When determining a reasonable hourly rate for each attorney, the court should determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time. *Case v. Unified School District No. 233*, 157 F. 3d 1243, 1256 (10th Cir. 1998). When the court is presented with a sworn affidavit that the market commands a certain rate, the court should grant rates in accordance with the evidence presented. Mr. Peter's affidavit states that he has been in the practice of law in New Mexico for over 20 years and has been licensed to practice in the United States District Court of New Mexico since 1983. His standard rate during most of this case was $125 which is at or below the standard rate for attorneys with similar experience practicing in southern New Mexico. That rate, as noted previously in the Memorandum Opinion and Order filed November15, 2002, is comparable to the rates charged by lawyers of similar skill and expertise in Albuquerque where the case was litigated. Based on Mr. Peter's affidavit, as well as the affidavits filed earlier in support of the

applications for attorneys' fees in this case, I find that a fee of $125 per hour is reasonable for this geographic area, this type of case and this area of expertise. After applying the rate of $125 an hour times the 49.35 hours reasonably expended in this matter, I find that the reasonable attorneys' fees for local counsel are $6,168.75. Therefore, I will award the Intervenors-Defendants PLC attorneys' fees in the amount of $6,168.75 plus gross receipts taxes.

The expenses submitted by Intervenor-Defendants PLC through their local counsel, Hubert & Hernandez, P.A., include copying charges, fax transmission and receiving charges, and charges for conference calls. The expenses total $376.50 not including gross receipts taxes. These were reasonable and necessary expenses incurred in the course of the litigation and will be awarded.

Therefore, it is Ordered that Intervenors-Defendants PLC are awarded additional attorneys' fees of $6,168.75 plus gross receipts taxes and expenses of $376.50 plus gross receipts taxes.

_____
UNITED STATES DISTRICT COURT JUDGE